## No. 11,633.

### BENNETT *v.* AMERICAN BEET SUGAR CO.

Decided April 18, 1927.   Rehearing denied May 9, 1927.

Action for damages for breach of contract.   Judgment for defendant.

### *Reversed.*

1.   PLEADING—*Sales—Breach of Contract.*   Complaint that lessee agreed to deliver beets to a sugar company for which the latter was to make checks to lessor and lessee jointly, and that the company made the checks to lessee alone, to lessor's damage, held sufficient.

2.   DAMAGES—*Measure.*   A lessee agreed to grow and deliver beets to defendant sugar company, the latter to make payment in checks drawn to lessor and lessee jointly.   The company made payment to lessee alone and lessor was unable to collect his rent.   In an action against the company by lessor, the measure of damages was the amount due him from lessee.

3.   COMPROMISE AND SETTLEMENT—*Contract—Breach.*   Where a sugar company agreed to make checks for beets jointly to a lessor and lessee of land upon which they were grown, but made them payable to lessee alone, whereby lessor lost his rent, it is held that a settlement between lessor and lessee, who was insolvent, for a small sum, did not relieve the company from liability.

4.   ACTIONS—*Equity.*   Where a plaintiff is not required to, and does not invoke equity, defendant could not invoke it to defend himself against the consequence of his breach of a contract.

5.   SALES—*Actions.*   Whether a company, which agreed to make checks to a lessor and lessee jointly, for beets raised on the land, but made them to lessee alone, could recover from the latter, held irrelevant to its liability to lessor.

*Error to the District Court of Otero County, Hon. James A. Park, Judge.*

Mr. E. W. McDANIEL, Mr. FRED A. SABIN, for plaintiff in error.

Messrs. DEVINE, PRESTON & STORER, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

A demurrer to Bennett's complaint was sustained, he elected to stand, judgment went against him and he comes here on error. We think the demurrer should have been overruled.

The complaint alleges the following contract:

"Memorandum of Agreement Between C. L. Baker and J. W. Bennett, Grower, and American Beet Sugar Company.

"1.   The grower agrees to plant, cultivate, irrigate, harvest and deliver during the season of 1920, in compliance with the directions of the company, as may be given from time to time, 50 acres of sugar beets, on the following described lands, to-wit.* * *

"2.   · * * *

"3.   The grower agrees that all beets grown by him will be delivered to the company in the factory sheds. * * *

"4.   Beets delivered and accepted will be paid for by the company at twelve dollars ($12.00) per ton of 2000 pounds.   Payment the fifteenth of each month for beets delivered during the previous month.

"5.   * * *

C. L. Baker and J. W. Bennett

Signature of Grower by Clarence L. Baker.

American Beet Sugar Company, by D. L. Joehnck.

Date 3/20"

The rest of the contract is immaterial to the present case.

The complaint further alleges that Baker. was plaintiff's lessee of the land mentioned in the contract at a rent of $4,000, and that there was a custom and usage

whereby in such cases the defendant company paid for beets delivered under such a contract by checks payable to the lessor and lessee jointly, and that said parties entered into said contract in recognition thereof and in reference thereto; that defendant paid for all beets delivered under said contract by check to Baker alone, that Baker was insolvent, hid the money and plaintiff thereby lost the greater part of the rent and other money due from Baker to him.

The case is very simple. These facts constitute a cause of action in assumpsit; mutual promises, the grower to raise and deliver beets and the company to pay by joint checks, full performance by the grower, and a breach by the company by failure to pay by a joint check with consequent damages by loss of rent. The company could not by paying Baker escape the duty to pay as agreed, and failure to pay as agreed gives rise to the secondary duty to pay damages the measure of which is what Baker owes Bennett. There is no occasion here to resort to any theory of equity, such as equitable assignment of the fund. A plainer or less complicated case of action for damages on a simple contract (assumpsit at common law) seldom occurs.

But plaintiff, by way of showing how his damages arose, has alleged that by reason of the breach above stated and the insolvency of Baker, he was compelled to settle with Baker for a small sum and that he did so and accepted the same in full satisfaction of the claim against Baker. This settlement and discharge, it is claimed, discharged defendant, and this is the only serious question in the case. We think it must be answered for the plaintiff. Defendant's proposition that the release of the principal debtor releases everyone liable thereon may be conceded, but the company is not a surety or guarantor nor the holder of a fund. It is not liable on any debt from Baker to Bennett and is not sued on any such liability. The liability of Baker to Bennett was to pay rent, and the liability of defendant to Bennett was to pay for

beets by joint check, the only connection between the two is that the former happens to be a factor in the measure of damages for the breach of the latter. The defendant's duty under the contract was direct, not collateral. It could not, by a violation of that duty, put Bennett into a worse position or impose a new duty upon him or relieve itself of any duty or itself acquire any new rights. It could not by paying Baker change its direct duty to Bennett into a collateral one. Yet the defendant's position here is, and must be, either that its duty was collateral, from the first, or became so by reason of such payment. Such is not the case. The situation is that the defendant violated the contract by failure to pay in the manner agreed; this was equivalent, as against Bennett, to no payment, and he had the right to sue at once; but by the settlement with Baker he got something and reduced the damages, of which defendant cannot complain.

If Bennett were obliged to invoke equity here in order to get his share of a fund some of the arguments of defendant might be of force, but he is not, and defendant cannot invoke it to protect himself from the consequences of his own breach of contract; the matter is, therefore, one of law. Whether the defendant, if it should pay Bennett, could recover of Baker is irrelevant.

The judgment is reversed with directions to overrule the demurrer and proceed with the case.

Mr. Chief Justice Burke, Mr. Justice Sheafor and Mr. Justice Whitford concur.